UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLYN R. ANDERSON, | ) |
| Plaintiff, | ) No. CV-05-3106-CI <br> ) |
| v. | ) ORDER GRANTING PLAINTIFF'S <br> ) MOTION FOR SUMMARY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) JUDGMENT AND REMANDING FOR <br> ) ADDITIONAL PROCEEDINGS <br> ) |
| Defendant. | ) <br> ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 16, 20), noted for hearing without oral argument on July 10, 2006. Attorney D. James Tree represents Plaintiff; Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney Richard A. Morris represent Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 20).

**JURISDICTION**

On March 18, 2002, Carolyn R. Anderson (Plaintiff) protectively filed applications for disability insurance benefits and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

supplemental security income benefits, alleging disability due to depression, a bad back, migraines and drug addiction (recovering), with an onset date of February 26, 1998. (Tr. 74, 84, 114.) The claim was denied initially and on reconsideration; a request for hearing was ultimately filed. After a hearing on July 21, 2004, Administrative Law Judge (ALJ) Verrell Dethloff denied benefits on May 19, 2005; the Appeals Council denied Plaintiff's request for review. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**STATEMENT OF THE CASE**

The facts have been presented in the administrative transcript, and discussed in the ALJ's decision, and will be summarized briefly here. At the time of the hearing, Plaintiff was 44 years old, with a tenth grade education. (Tr. 75, 429.) She had past work experience as a phone sales person, cashier, cook, bartender, espresso maker, apartment groundskeeper and cleaner. (Tr. 105.)

Plaintiff has a twenty-year history of polysubstance abuse and had been in Methadone treatment for six years at the time of the hearing. She testified she had relapsed on heroin six months prior to the hearing. (Tr. 407.) Plaintiff's last job was as a house

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

cleaner. She quit because she was having memory problems and her mind was wandering. (Tr. 406.) Based on the ALJ's hypothetical question, vocational expert William Weiss testified that Plaintiff was capable of performing work as a sorter and semi-conductor bonder. (Tr. 430-31.)

## ADMINISTRATIVE DECISION

The ALJ determined Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 26.) At step two and three, ALJ Dethloff concluded Plaintiff had severe mental impairments of drug and alcohol addiction, a personality disorder, and depression NOS. He found the drug addiction and polysubstance abuse met the listings under 12.09, but since drug addiction and polysubstance abuse are factors material to the finding of disability, a legal determination of disability due to these impairments was disallowed. (Tr. 26.) He found severe physical impairments of rotator cuff tendonitis, and degenerative joint disease of the right knee but determined that, alone or in combination with the other mental impairments, these remaining severe impairments did not meet or equal the listings. (Id.) He found Plaintiff's bulging disc and headaches to be non-severe. (Tr. 22.) The ALJ found Plaintiff's allegations regarding her limitations were not fully credible. (Tr. 22, 26.)

Regarding Plaintiff's residual functional capacity (RFC), the ALJ determined Plaintiff was capable of performing a light work with only occasional reaching on the right, without close contact with other people, and with supportive supervision. He found she was able to perform her past relevant work as a house cleaner through June 3, 2002, but unable to perform past relevant work as of June 4,

2002, due to reaching limitations.  (Tr. 24, 26.)  Based in part on the vocational expert's testimony, the ALJ determined Plaintiff was capable of performing work after June 4, 2002, as a sorter and semi-bond conductor and, therefore, not disabled.  (Tr. 27.)

**ISSUES**

The question presented is whether there is substantial evidence to support the ALJ's decision to deny benefits and, if so, whether the decision was based on proper legal standards.  Plaintiff asserts the ALJ erred when he (1) concluded Plaintiff's RFC did not support a finding of disability; (2) provided an incomplete hypothetical to the vocational expert; and (3) failed to fully and fairly develop the record.  (Ct. Rec. 18 at 12.)

**ANALYSIS**

The Social Security Act (SSA) provides that an individual is not considered disabled if drug/alcohol addiction is a contributing factor material to the Commissioner's determination that the individual is disabled. 42 U.S.C. § 423(d)(2)(C).  In determining whether drug/alcohol addiction is a contributing factor material to disability, the ALJ evaluates which, if any, of the individual's physical and mental limitations would remain if the claimant stopped using drugs or alcohol.  20 C.F.R. § 404.1535(b)(1).  If drug/alcohol addiction is a contributing factor material to a finding of disability, benefits will be denied.  Id.

In *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), the Ninth Circuit held that an ALJ must first conduct the five step inquiry without separating out the impact of alcoholism or substance abuse.  If disability is found, and there is medical evidence of substance abuse, the ALJ then considers what disabilities would

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

remain if the claimant stopped abusing drugs/alcohol. *Bustamante*, 262 F.3d at 955. The ALJ may consult with a medical expert in determining what limitations remain without the effects of substance abuse. 20 C.F.R. §§ 404.1527 (f)(2)(iii), 416.927 (f)(2)(iii). It is the claimant's burden to produce evidence that drug addiction is not material to her disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

Here, the ALJ noted Plaintiff's diagnoses of opioid dependence and polysubstance abuse, and found at step two that Plaintiff had a severe mental impairment under Listing 12.09[1] due to substance abuse. He determined that this impairment met the Listing, but since Plaintiff's drug addiction and polysubstance abuse were factors material to the finding of disability, she was not disabled under the Social Security Act (Act). (Id.) The ALJ conducted a second evaluation of the medical evidence and Plaintiff's limitations without the effects of substance abuse and addiction and determined she was not disabled. (Tr. 23-24.) The ALJ's sequential evaluation conforms with the *Bustamante* standard.

A. <u>Mental Limitations without the Effects of Drug Addiction</u>

Once the effects of drug addiction were excluded, the ALJ found Plaintiff could perform light work with reaching only occasionally

---

[1] Part 404, Subpt. P, App. 1, § 12.09, *Substance Addiction Disorders,* are defined as "Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system." Severity criteria are measured by reference to other impairment Listings, including organic mental disorders (12.02), depressive syndrome (12.04) and personality disorders (12.08).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

on the right, with "no close contact with other people," and "supportive supervision." (Tr. 24.) Plaintiff argues additional mental limitations should have been included in the ALJ's hypothetical to the vocational expert, and contends the ALJ improperly rejected treating psychiatrist Jeffrey Jennings' opinions in favor of non-treating psychologist Jay Toews, E.D.D. (Ct. Rec. 22 at 5-6.)

The ALJ is solely responsible for determining a claimant's RFC, which is an administrative finding based on limitations and restrictions attributable to medically determinable impairments. *Social Security Ruling (SSR)* 96-7p. The RFC findings must be supported by substantial evidence in the record. In determining a RFC, the ALJ considers medical evidence from treating, examining and non-examining doctors. If supported by the record, a treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995). To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his interpretation of the evidence, and make findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ is not required to accept the opinion of a treating or examining

physician if that opinion is brief, conclusory and inadequately supported by clinical findings. *Id.*

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64.

Here, the ALJ found Plaintiff's statements regarding her limitations were not fully credible. (Tr. 22, 26.) This finding has not been challenged and is supported by substantial evidence in the record. Thus, medical opinions based substantially on her self-report are properly rejected. Further, in summarizing Dr. Jennings reports, the ALJ noted inconsistencies and lack of support in the record as a whole in Dr. Jennings' conclusions; he also noted Dr. Jennings ratings were inconsistent with the Plaintiff's mental health treatment notes. (Tr. 20, 21, 292) These are specific and legitimate reasons for discounting a treating or examining doctor's opinions. The ALJ also noted that in January 2002, Dr. Jennings reported a "mild recurrence of symptoms due to social isolation and threatened loss of her boyfriend." On examination he found her alert, cooperative and well-oriented with good memory. (Tr. 21.) Dr. Jennings' conclusory form summary relied upon by Plaintiff in her argument is not consistent with Dr. Jennings' narrative, which characterizes Plaintiff's condition as due largely to the illness of her boyfriend. (Tr. 294-95.) The ALJ did not err in discounting Dr. Jennings' findings of "marked" and "severe" limitations.

Dr. Billings concluded that Plaintiff suffered Major Depressive

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

Disorder, single episode, moderate, and polysubstance dependence, sustained partial remission and noted memory deficits were probably due to inattention. (Tr. 308-09.) Dr. Billings also noted inconsistencies in Plaintiff's reported drug use and the lack of reference to Plaintiff's drug addiction in her treating physician's records. (Tr. 305.) Dr. Billings noted that Plaintiff would perform better away from people. (Tr. 309.) The ALJ incorporated this limitation into his RFP.

In addition to testifying at the hearing as a medical expert,[2] Dr. Toews completed a post-hearing psychological evaluation based on objective testing and a client interview in which Plaintiff reported relapsing every two-three months. (Tr. 361, 363.) Since Dr. Toews is an examining doctor, the ALJ's reliance on his opinions is not error, as long as they are supported by substantial evidence. Further, neither Dr. Jennings nor Dr. Billings administered objective testing; their reports are based on Plaintiff's unreliable self-report. (Tr. 293-95; 304-09.) The ALJ noted that Dr. Toews' objective tests results underscored the lack of reliability in Plaintiff's self report. (Tr. 22.) (Tr. 363.) Based on Plaintiff's statements to Dr. Toews', the ALJ found her "opioid dependent, methadone." (Tr. 23.) This is consistent with both Dr. Jennings' and Dr. Billings' diagnoses of polysubstance dependence. However, since they concluded her dependence was in remission based on her unreliable self report, the ALJ did not err in discounting

---

[2] Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Andrews,* 53 F.3d at 1041 *(citing Magallanes,* 881 F.2nd 747, 753 (9th Cir. 1989)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

their opinions regarding the severity of her limitations.  In light of the medical record in its entirety, Plaintiff's 20-year heroin addiction, her credibility and her post-hearing disclosure of frequent relapse, the ALJ's RFC findings and hypothetical question were reasonable and supported by substantial evidence.

B. <u>Vocational Expert Testimony</u>

Where, as here, a claimant's RFC includes non-exertional limitations, evidence from a vocational expert is required in assessing an individual's ability to work past jobs and other work in the national economy.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997).  Based on a hypothetical describing an individual of Plaintiff's age, education and work experience, and with the above restrictions, the vocational expert opined the individual could perform her past job as house cleaner prior to the onset of her reaching limitations; afterwards, she could perform the jobs of sorter[3] and semi-conductor bonder.  (Tr. 430.)  Plaintiff argues that because the vocational expert opined her employability would depend upon the degree of supervision she needed, the ALJ did not have substantial evidence on which to find she could perform the work identified by the vocational expert.  She also argues the

---

[3] The Commissioner concedes the vocational expert's testimony regarding the "sorter" position was in error (Ct. Rec. 21 at 18); therefore, the ALJ's finding regarding this work is not based on substantial evidence.  This leaves only the position of semi-conductor bonder as work Plaintiff can perform.  As discussed below, the vocational expert testimony does not provide substantial evidence on which to base a step five finding that Plaintiff can perform this work.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

*Dictionary of Occupational Titles* (*DOT*) definition of semi-conductor bonder requires more than her RFC, as found by the ALJ. (Ct. Rec. 18 at 13.)

As stated in the Social Security Regulations, "an individual's failure, because of his impairment, to perform ordinary or simple tasks satisfactorily without supervision or assistance beyond that usually given other individuals performing similar work, <u>may</u> constitute evidence of an inability to engage in substantial gainful activity." The need for supervision, however, does not preclude employment. *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir. 1982)(emphasis added); *see also,* 20 C.F.R. §§ 404.1573(b)(c), 416.973(b)(c).

The *DOT* indicates that the semiconductor bond job requires working under specific instructions, involving "significant tending," that requires "attaining precise set limits, tolerances and standards." *DOT,* 726.685-066, <u>Bonder, Semiconductor</u>, 4th ed. (revised 1991). The vocational expert testified that if the need for supervision were "extreme," it would preclude competitive employment. (Tr. 431.) The vocational expert did not elaborate as to what would be "extreme" in the context of the semi-conductor bonder job, and the ALJ did not pursue further questioning of the vocational expert to obtain an explanation of when and how the need for supervision would impact the hypothetical person's ability to perform the job. Because the vocational expert's testimony is ambiguous and possibly conflicts with the job requirements found in the *DOT* definition, that conflict should be fully explained by the vocational expert. *SSR* 00-4p. "Persuasive evidence" must exist in the record to support the vocational expert's conclusions. *Pinto v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

*Massanari*, 249 F.3d 840, 846 (9th Cir. 2001). Because the ALJ made few step-five findings and relied on the unexplained conclusions and inconclusive opinions of the vocational expert, it is difficult to review his decision. *See Pinto*, 249 F.3d at 847. The step five burden has not been met. *Tackett*, 180 F.3d at 1098-99, 1101; *Erickson v. Shalala*, 9 F.3d 813, 818-19 (9th Cir. 1993).

### CONCLUSION

The Commissioner did not meet her burden at step five to prove Plaintiff can perform other work in the national economy. On remand, Plaintiff may submit additional medical evidence which will be considered in a new sequential evaluation process. If the Commissioner proceeds to step-five, new vocational expert testimony will be taken with consideration of all medically supported limitations. *DOT* definition deviations will be noted and explained. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.** The matter is remanded for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED**.

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

4. Judgment shall be entered for Plaintiff and the file **CLOSED.**

DATED August 11, 2006.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE